# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3175

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Pearl Elizabeth Ann Freemont, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 25, 2007
Filed: January 28, 2008

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

MELLOY, Circuit Judge.

Pearl Elizabeth Ann Freemont pled guilty to one count of conspiracy to distribute crack cocaine, one count of distribution of crack cocaine, and one count of possessing a firearm in furtherance of a drug trafficking crime. Because of her prior drug convictions, she faced a mandatory life sentence on the two drug counts and a mandatory consecutive five year sentence on the gun count. The government made a substantial assistance motion on the drug counts which the trial court granted. The court then imposed a total sentence of 186 months, using three alternative sentencing methods and a combination of substantial assistance departures, compelled departures, and variances. The government appeals the compelled departures and variances. We reverse and remand for re-sentencing.

## I. Background

Freemont and her boyfriend, Robert Williams, participated in the trafficking of more than two kilograms of crack cocaine over the course of a year. Upon searching their residence, police officers found drug paraphernalia, cash, marijuana, crack cocaine, and a 9mm handgun. The gun was located under Freemont's mattress, and she admitted ownership of it.

Freemont and the government reached a plea agreement. Freemont pled guilty to conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Freemont cooperated with the government by timely supplying information regarding her and her associates' involvement in the distribution of crack cocaine. Her information led to the federal indictment of seven individuals and supported state charges against another. In addition, she testified before three grand juries and at three jury trials. She initially declined to talk about Williams's involvement, but later testified against him and was the key witness against him on a § 924(c) gun count. The Assistant United States Attorney said she was "truthful and complete" and "one of the best witnesses I've seen as in regards to memory and presentation." A police officer on the investigation considered Freemont's substantial assistance to be "extraordinary" and the best that he had dealt with.

Freemont faced a statutory mandatory minimum life sentence on one of the two drug counts because of two prior drug trafficking convictions. See §§ 841(b)(1)(A) and 851. To allow the district court to sentence below the statutory mandatory minimum, the government made U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) substantial assistance motions on the two drug counts. The government recommended a 40% downward departure on Freemont's life sentence for the drug counts. The

district court granted a 60% downward departure, using 405 months as the starting point, to 162 months.

Freemont also faced a consecutive 60-month mandatory minimum sentence on the gun count. See 18 U.S.C. § 924(c). The government did not make a substantial assistance motion on that count. The district court questioned the government's decision and asked if it was "[b]ecause you want to control the length of the sentence and hammer her with the 60-month consecutive sentence." The government explained that it was based on "a determination of her overall assistance." The district court continued questioning the government to find out its motivation and rationale. The district court commented on how most districts automatically make substantial assistance motions on every count and wanted to know why this particular district did not make the motions on every count. The government could not give a specific or complete answer and repeated "that it was based on her overall assistance in regards to this particular matter."

The district court requested an oral motion from Freemont to compel the government to make a substantial assistance motion on the gun count. Freemont made the requested motion, and the district court granted the motion. The court reasoned that the government in bad faith tried to limit the court's sentencing discretion by not filing a motion regarding the gun count. The court also reasoned that the government wanted to increase the time that Freemont would serve. The court stated that the decision was not "based on the nature, circumstances, usefulness, significance of the substantial assistance" because "this is the perfect case where the defendant gave substantial assistance on the very issue of the gun" and her assistance was the but-for cause of Williams's gun conviction. The district court reduced Freemont's consecutive mandatory minimum 60-month sentence by 60% to 24 months.

The district court also made two conditional, alternative sentences to apply in the event that this court reverse the compelled substantial assistance motion on the gun

count. In the first alternative, the court granted a conditional variance on the gun count to reduce it to 24 months. If the variance on the gun count was determined to be invalid, the court, in its second alternative, granted a conditional variance on the drug counts to reduce the sentence on the drug counts by an additional 36 months. The court's reasoning for the variances was "to avoid . . . unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." The combined set of sentences would result in the same term of imprisonment—186 months—regardless of which of the three sentences might be upheld.

The government appeals the district court's grant of the motion to compel a substantial assistance motion on the gun count and the two alternative conditional variances.

## II. Discussion

We normally review the district court's sentence for reasonableness. Gall v. United States, 128 S. Ct. 586, 594 (2007). However, in this case we do not reach the reasonableness issue because we find the methods used by the district court to arrive at a total sentence of 186 months not to be authorized by the applicable statutes and our prior case law.

## A. Compelled Motion for Departure

Section 3553(e) states that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e); see United States v. Williams, 474 F.3d 1130, 1130-31 (8th Cir. 2007) ("Where a court has authority to sentence below a statutory minimum only by

virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance–related considerations."). In the absence of a government motion, a district court is without authority to impose a sentence below a statutory minimum. Wade v. United States, 504 U.S. 181, 185 (1992); United States v. Holbdy, 489 F.3d 910, 912 (8th Cir. 2007). The government has the "power, not a duty" to make a § 3553(e) motion. Wade, 504 U.S. at 185. A defendant's assistance is the only permissible basis for the government to exercise or refuse to exercise its power under § 3553(e). United States v. Stockdall, 45 F.3d 1257, 1260-61 (8th Cir. 1995) (holding that, for the right reasons, the government may refuse to make a motion on each offense). If the government states that because of other non-assistance and assistance departures, the § 3553(e) motion is "not warranted" or not "appropriate," the government makes a permissible policy choice, and the district court commits no error in declining to compel the motion. United States v. Mills, 491 F.3d 738, 742 (8th Cir. 2007) (internal quotations omitted).

The district court may review the government's refusal to make a motion in limited circumstances. First, the district court may review the government's decision for an unconstitutional motive. Wade, 504 U.S. at 185-86. It is clear that a substantive due process violation involving the government's abuse of power that "shocks the conscience" provides a basis for the district court to compel the government's motion. United States v. Moeller, 383 F.3d 710, 712 (8th Cir. 2004) (internal quotations omitted). Similarly, an equal protection violation involving "unlawful, purposeful discrimination" provides a basis for the district court to compel the government's motion. Id. (internal quotations omitted). The district court may grant a remedy if "the refusal was based on an unconstitutional motive," e.g., if the refusal was based on the defendant's race or religion or was simply irrational. Wade, 504 U.S. at 185-86. However, the defendant is not entitled to discovery, a remedy, or an evidentiary hearing if the defendant can offer only "generalized allegations of improper motive." Id. at 186. The defendant must make a "substantial threshold showing" before the court may review the government's decision because the decision

"may have been based not on a failure to acknowledge or appreciate [the defendant's] help, but simply on [the government's] rational assessment of the cost and benefit that would flow from moving." Id. at 186 (internal quotations omitted).

Second, a district court can compel a § 3553(e) motion if the government acknowledges the defendant provided substantial assistance, but refuses to make a motion expressly because the defendant engaged in unrelated misconduct—a reason unrelated to the quality of the defendant's assistance. United States v. Anzalone, 148 F.3d 940, 941 (8th Cir. 1998); see Moeller, 383 F.3d at 712 (stating that the holding in Anzalone "was predicated on government concessions that established a statutory duty to file the substantial assistance motion").

Third, the district court may be able to compel a motion if the government acted in bad faith by refusing to make a motion. The Supreme Court has mentioned unconstitutional motives as providing a basis for compelling the government to move, but has not discussed bad faith. Wade, 504 U.S. at 185. This court has an intra-circuit split on whether bad faith provides a basis to compel a motion. Holbdy, 489 F.3d at 913 n.2 (comparing cases). The Moeller court states that bad faith is insufficient because it "is not a constitutional standard." Moeller, 383 F.3d at 712; see United States v. Hodge, 469 F.3d 749, 754 (8th Cir. 2006) (noting its agreement with Moeller, but declining to enter the intra-circuit debate). Other cases state that the government's bad faith in refusing to make a § 3553(e) motion would give the district court the power to compel the motion, but no case found such bad faith. United States v. Wolf, 270 F.3d 1188, 1191 (8th Cir. 2001) (referring to "'bad faith, particularly in light of representations made to a defendant'" (quoting United States v. Rounsavall, 128 F.3d 665, 669 (8th Cir. 1997))); Anzalone, 148 F.3d at 941; United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1994).

In the present case, the government refused to make a § 3553(e) motion on the gun count, but the district court granted Freemont's oral motion to compel a § 3553(e)

motion. These facts are similar to those presented in Moeller. In Moeller, the defendant pled guilty to a drug count with a statutory minimum sentence of 5 years in prison. 383 F.3d at 711. The defendant's guidelines range was 78-97 months in prison. The government made a § 5K1.1 motion based on the defendant's substantial assistance to reduce the sentence, but did not make a § 3553(e) motion that would enable the district court to depart below the statutory minimum sentence. At sentencing, the district court encouraged defense counsel to make a motion to compel, granted it, and stated that the government acted in bad faith by refusing to make the § 3553(e) motion because the only reason for the refusal was to limit the district court's discretion. The district court sentenced the defendant to 10 months below the statutory minimum.

This court reversed, remanded for re-sentencing, and stated that "it is not the sentencing court's function to look behind the prosecutor's substantial assistance decision-making in this fashion. The prosecutor's evaluation of the quantity and quality of a defendant's assistance . . . 'is particularly ill-suited to judicial review.'" Moeller, 383 F.3d at 713 (citation omitted). But the court noted that "§ 3553(e) 'was not intended to grant prosecutors a general power to control the length of sentences.'" Id. at 712 (quoting Stockdall, 45 F.3d at 1261). The court concluded that while the government's refusal to move has the effect of limiting the district court's discretion, the district court cannot review the refusal unless it involved an unconstitutional motive. Id. at 713.

In the present case, the government's reason for not making the motion on the gun count fits within the permissible bounds of prosecutorial discretion and was a "rational assessment of the cost and benefit that would flow from moving" because the decision was based on Freemont's overall assistance. Wade, 504 U.S. at 187. The government had already acknowledged her substantial assistance through the § 3553(e) motion on the drug counts. Freemont also produced no evidence that the government acted in bad faith by refusing to make a § 3553(e) motion on the gun

-7-

count, and thus this court does not need to address our intra-circuit split on the circumstances in which the district court may compel the government to make a § 3553(e) motion. Consequently, the district court erred in compelling the government to make a § 3553(e) motion.

## B. Booker Variance on the Gun Count

The district court erred by granting a conditional Booker[1] variance on the gun count's mandatory minimum sentence. The district court justified the variance by citing the desire to avoid unwarranted sentencing disparities among similarly situated defendants. See 18 U.S.C. § 3553(a)(6). However, neither Booker, Gall, nor § 3553(a) affect a statutory minimum sentence. See Williams, 474 F.3d at 1131; United States v. Vieth, 397 F.3d 615, 620 (8th Cir. 2005). The Williams court discussed this topic at length:

> Nothing in the reasoning of *Booker* expands the authority of a district court to sentence below a statutory minimum. The Court's remedial holding provided that to cure the constitutional infirmity of the mandatory guidelines system, a district court is authorized to consider the factors set forth in § 3553(a), and to vary from the sentence otherwise indicated by *the sentencing guidelines*. But *Booker* did not question the constitutionality of statutory minimum sentences. . . . Because statutory minimum sentences remain constitutional, and it is constitutional for Congress to limit a court's authority to sentence below such minimums, the remedial holding of *Booker* does not impact the pre-existing limitations embodied in § 3553(e).

Williams, 474 F.3d at 1132.

---

[1]United States v. Booker, 543 U.S. 220 (2005).

Section 3553(e) governs when a sentencing court may impose a sentence less than the mandatory minimum. First, the title of § 3553(e)—"Limited authority to impose a sentence below a statutory minimum"—indicates that "statutory minimum sentences [are] to be firmly enforced, subject only to carefully 'limited' exceptions." Williams, 474 F.3d at 1132. Second, this section specifies when a sentencing court may sentence a defendant to less than the mandatory minimum: only "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e); see Williams, 474 F.3d at 1132. Thus, when the district court granted a variance below the statutory mandatory minimum based on factors listed in § 3553(a)(6), it exceeded its limited authority under § 3553(e) to impose a sentence below the statutory minimum. See Williams, 474 F.3d at 1132 (stating that a district court exceeds its authority by reducing a mandatory minimum sentence based on the history and characteristics of the defendant).

## C. Booker Variance on the Drug Counts

The district court also erred by granting a conditional Booker variance on the statutory, mandatory drug counts. The district court had already granted a downward departure on the drug counts through the government's substantial assistance motions. The "reduction below the statutory minimum must be based exclusively on assistance-related considerations." Id. at 1131. If the court reduces the sentence further based on § 3553(a) factors, which are unrelated to assistance, the court exceeds the limited authority granted by § 3553(e). Id. at 1132. We see nothing in Gall that would call this holding into question or authorize this panel to overrule the clear holding of a prior panel. As the district court based its variance on a § 3553(a) factor—"the need to avoid unwarranted sentence disparities," and not §3553(e), the court erred as a matter of law.

### III. Conclusion

For these reasons, we reverse and remand for re-sentencing on all counts.[2]

_____

[2]We express no opinion as to whether the district court should base any substantial assistance departure at re-sentencing on a starting point of 405 months or whether 360 months may be more appropriate. See United States v. Burns, 500 F.3d 756, 766 (8th Cir. 2007) (en banc) (stating the district court properly started from a life sentence of 360 months, but noting that "we do not address the appropriateness of departing from a presumptive life sentence at, or in excess of, 360 months"). We leave that issue to the district court upon remand.