# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1092

_____

United States of America,

        Appellee,

v.

Karen Hartstein,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the Eastern
District of Missouri.

_____

Submitted: September 24, 2008
Filed:  March 9, 2009

_____

Before RILEY, HANSEN, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Defendant Karen Hartstein admitted to conducting a scheme to defraud numerous victims.  She pleaded guilty to Mail Fraud in violation of 18 U.S.C. § 1341 and Unauthorized Use of a Credit Card in violation of 18 U.S.C. § 1029(a)(2).  We discussed the details of her offense, initial sentencing hearing, and initial sentence in United States v. Hartstein, 500 F.3d 790 (8th Cir. 2007).

In that prior appeal, we remanded for resentencing after finding that the burden of proof had improperly shifted to Hartstein to disprove loss amounts during the first sentencing hearing.  Id. at 796.  We noted specifically that, at resentencing, Hartstein

would be bound by concessions she had already made regarding amounts received from her victims.  Id.  We also noted that Hartstein's intent and the circumstances surrounding her receipt of funds were relevant to the questions of loss amounts and intended loss amounts in accordance with U.S. Sentencing Guidelines Manual, § 2B1.1 (2004).  Hartstein, 500 F.3d at 797–98.

At resentencing, the district court[1] addressed two main issues.  First, the court addressed the circumstances and intent surrounding Hartstein's receipt of funds to resolve the question of whether all funds Hartstein admitted to receiving were to be included in the loss amount or whether she should receive credits for certain repayments.  Second, the court addressed the question of loss amounts above those included in the concessions Hartstein previously had made.

The court found Hartstein had conceded the receipt of over $2.2 million from fraud victims during a period of time when there was no possibility of repayment other than through the use of additional, ill-gotten funds.  As a result, the district court held all repayments were merely tools to perpetuate Hartstein's scheme, and she was entitled to no credits for repayments of any of this amount.  The court further found that the government adequately proved over $300,000 in additional losses related to certain victims or related to Hartstein's separate concessions as to her unauthorized credit card use.

Given these findings, the total loss amount exceeded $2.5 million.  Applying U.S.S.G. § 2B1.1(b)(1)(J), and applying several adjustments as approved in our prior opinion, the resultant advisory Guidelines range was 108 to 135 months. The district court imposed a sentence of 135 months to be followed by three years of supervised

---

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

release. In addition, the district court ordered Hartstein to pay restitution in the amount of $2,088,433.68.

Hartstein appeals arguing that she should receive credits for certain repayments and that she should not be bound by prior concessions. In addition, she challenges the amount of her restitution, arguing the restitution order violates United States v. Booker, 543 U.S. 220 (2005). She also argues that the notice requirements of Federal Rule of Criminal Procedure 11(b)(1)(K) necessarily limit any restitution solely to funds owed to the two victims of the criminal conduct to which she pleaded guilty.

Regarding credit for repayments, we addressed the relevant legal issues in depth in our prior opinion. Hartstein, 500 F.3d at 797–99. The record following resentencing adequately supports the district court's findings. See United States v. Boesen, 541 F.3d 838, 850 (8th Cir. 2008) ("A sentencing court calculates a reasonable estimate of the loss based upon a preponderance of the evidence.").

Regarding concessions, Hartstein alleges her attorney made representations to the court during the initial sentencing hearing without obtaining her authorization to make such representations or concessions. Because her present challenge as to concessions is, in essence, an allegation of attorney error or ineffective assistance of counsel, we may not address her arguments on direct review absent exceptional circumstances. See United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006) (stating that review of ineffective assistance claims may be proper on direct review "only where the record has been fully developed, where counsel's ineffectiveness is readily apparent, or where to delay consideration of the claim would lead to a plain miscarriage of justice"). Because such exceptional circumstances are not present in this case, any challenge to counsel's actions would be more properly raised in the context of a collateral proceeding using 28 U.S.C. § 2255.

Finally, regarding restitution, Hartstein did not raise her Rule 11 challenge at the first sentencing hearing or during the first appeal. As such, she has waived this argument. <u>United States v. Kress</u>, 58 F.3d 370, 373–74 (8th Cir. 1995). Further, we have repeatedly held "that the evidentiary standard in restitution cases is unchanged by <u>United States v. Booker</u>," <u>United States v. DeRosier</u>, 501 F.3d 888, 896 n.12 (8th Cir. 2007), and we note that Hartstein renews her <u>Booker</u> challenge primarily as a means of issue preservation.

We affirm the judgment of the district court.

_____