# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2121

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Tyrone Sturdivant, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 30, 2010
Filed: July 8, 2011

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Following remand for resentencing in *United States v. Sturdivant*, 513 F.3d 795, 799 (8th Cir. 2008) (*Sturdivant I*), the district court sentenced Tyrone Sturdivant to life in prison – the statutory mandatory minimum – on his conviction for conspiring to manufacture and distribute 50 grams or more of cocaine base and conspiring to distribute cocaine salt (Count 1). He was also resentenced to concurrent terms of 360 months each on two counts of distributing cocaine powder (Counts 2 and 3).

On appeal, counsel moves to withdraw and files a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that imposing the statutory mandatory

minimum in 21 U.S.C. § 841(b)(1)(A) (amended Aug. 3, 2010) denied Sturdivant due process and equal protection because of the crack-to-powder ratio in the statute. The *Anders*-brief argument fails. *See United States v. Fenner*, 600 F.3d 1014, 1024-25 (8th Cir. 2010). This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and found no nonfrivolous issues for appeal.

Sturdivant pro se raises a number of challenges to the hearing held on remand to address his argument that he was not the person who actually was convicted in two prior felony convictions that enhanced his sentence on Count 1. Because Sturdivant raised no identity-based objections at his first sentencing hearing or during the first appeal, he waived the ability to pursue that argument on remand. *See United States v. Hartstein*, 557 F3d 589, 591 (8th Cir. 2009). This court also rejects Sturdivant's contention that the mandatory minimum sentence is preempted or overridden by 18 U.S.C. §§ 3551-3559. *See United States v. Freemont*, 513 F.3d 884, 888-91 (8th Cir. 2008). The Fair Sentencing Act of 2010 does not affect his sentence. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010).

Sturdivant claims the district court erred in admitting certain evidence at his sentencing hearing, including alleged hearsay testimony of records officers and irrelevant documentary evidence. The district court did not abuse its wide discretion in admitting documents and the testimony of the records officers, or clearly err in finding the facts of the two prior convictions. *See United States v. Pratt*, 553 F.3d 1165, 1170 (8th Cir. 2009).

Sturdivant also claims the district court was not impartial and favored the government by continuing the sentencing hearing, requesting the government paginate its exhibits, and questioning witnesses. To the contrary, the "average person on the street who knows all the relevant facts" of this case would not question the district court's impartiality. *In re Kansas Pub. Emp. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996). The sentencing judge's "routine trial administration" did not exhibit bias, and

none of the judge's acts rose to the level of advocacy.  *See Liteky v. United States*, 510 U.S.540 , 556  (1994); *United States v. Almeida-Perez*, 549 F.3d 1162, 1174 (8th Cir. 2008); *United States v. Van Dyke*, 14 F.3d 415, 422 (8th Cir. 1994); *United States v. Singer*, 710 F.2d 431, 436 (8th Cir. 1983).

At the original sentencing, the district court imposed a sentence of three concurrent 348-month terms.  The government's (successful) appeal disputed only the felony-drug-conviction enhancement to Count 1, authorized by 21 U.S.C. § 841(b)(1)(A)(viii).  On remand, the district court, after sentencing Sturdivant to life in prison on Count 1, proceeded to impose concurrent 360-month terms on Counts 2 and 3.  This court's remand necessarily permitted resentencing only on Count 1.  *See United States v. Kendall*, 475 F.3d 961, 964 (8th Cir. 2007).  The district court erred in resentencing Sturdivant on Counts 2 and 3, and this court reinstates the original sentences for those counts:  concurrent terms of 348 months in prison on each count.

This court  vacates the sentences imposed on Counts 2 and 3, reinstating the original concurrent 348-month sentences on those counts.  In all other respects, we affirm.  Counsel's motion to withdraw is granted, and Sturdivant's pending motions are denied.

_____