United States Court of Appeals

For the Eighth Circuit

_____

No. 12-3075

_____

United States of America

*Plaintiff - Appellee*

v.

Albert L. Woods, also known as J. Rock

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 16, 2013
Filed: June 25, 2013

_____

Before SHEPHERD, BEAM, and MELLOY, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Albert L. Woods pled guilty to one count of distribution of 28 grams or more of cocaine base and one count of distribution of marijuana, both in violation of 21 U.S.C. § 841(a)(1) and (b)(1). The district court[1] sentenced him to the statutory

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

mandatory minimum of 60 months imprisonment on count one, see 21 U.S.C. § 841(b)(1)(B)(iii), and to a concurrent 60 months imprisonment on count two, resulting in a total sentence of 60 months imprisonment. Woods appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

In 2002, Woods was convicted in Nebraska state court of two counts of assault and two counts of use of a weapon to commit a felony. He remained in state custody for these convictions until March 2010, when he was released on parole. In April 2011, while Woods was still on parole for the 2002 convictions, Nebraska charged Woods with burglary, making terroristic threats, and use of a firearm to commit a felony after Woods allegedly broke into an ex-girlfriend's house and threatened her with a gun. Nebraska revoked Woods's parole in May 2011 due to these new charges, and he returned to state custody with a tentative discharge date of September 2013. Nebraska eventually dismissed the new charges, but Woods remained in Nebraska custody and continued to serve his parole revocation sentence.

Meanwhile, in October and December 2010, Woods sold drugs to cooperating witnesses. As a result of this conduct, a federal grand jury indicted him in February 2012 for one count of distributing cocaine base and one count of distributing marijuana. Woods pled guilty to these federal charges in May 2012 and was sentenced in August 2012. Because Woods was in Nebraska state custody serving his parole revocation sentence throughout the federal proceedings, Woods appeared in federal court pursuant to a writ of habeas corpus ad prosequendum.

At Woods's federal sentencing hearing, his attorney told the court that Woods was currently in state custody and asked the court to "take a look at that credit . . . and do whatever you think is right with it but I think you should consider that and sentence

him at the low end of the guideline range."[2] Appellant's App. 32. The district court acknowledged that Woods already was in state custody and said that Woods would "not receive any credit for time served prior to the date of the imposition of this [federal] sentence." Id. at 33. However, the district court ordered Woods's federal sentence to "run concurrent with [the remaining] portion of the [state] sentence from this date forward." Id.

## II.

Woods brings ineffective-assistance and sentencing-error claims.

## A.

Woods first argues his trial counsel was ineffective for (1) failing to attempt to transition him from state to federal custody after the state charges underlying his parole revocation were dismissed and (2) failing to request credit towards his federal sentence for time previously served in state detention. "Claims of ineffective assistance of counsel, however, are usually best litigated in collateral proceedings. We will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent." United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (internal citation omitted). Here, Woods did not raise the ineffective-assistance issue below, and there was no evidentiary hearing to develop the facts relevant to these claims. Because Woods "has

---

[2]Woods's attorney also incorrectly stated at sentencing that the Nebraska "parole was violated because of this [federal drug] incident so he has received some punishment on this – on this incident." Appellant's App. 32. On appeal, however, both Woods and the government have clarified that Woods's state parole was revoked due to the unrelated state charges filed in April 2011. See Appellant's Br. 1, 3, 9; Appellee's Br. 3-6, 12, 20.

not shown that the record is sufficiently developed to address his ineffective assistance arguments or that a miscarriage of justice will result if we decline to do so at this juncture," we decline to address his ineffective-assistance claims. <u>See</u> <u>United States v. Wohlman</u>, 651 F.3d 878, 887 (8th Cir. 2011).

B.

Woods next argues that the district court committed procedural error by (1) failing to give him "credit" towards his federal sentence for time spent in state custody after the state charges underlying his parole revocation were dismissed; (2) presuming the guideline range was reasonable; (3) failing to adequately consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3584(b); and (4) failing to adequately explain the reasons for imposing the particular sentence.

1.

Woods argues that United States Sentencing Commission, <u>Guidelines Manual</u>, §5G1.3 authorized the district court to grant him "credit" for time spent in state custody. Because Woods did not raise any arguments concerning section 5G1.3 below, we review only for plain error. <u>See</u> <u>United States v. Franklin</u>, 695 F.3d 753, 757 (8th Cir. 2012). To prevail under plain error review, a defendant must show (1) error (2) that was plain and (3) affected the defendant's substantial rights. <u>Id.</u>

Woods's argument fails because he cannot show that the district court committed any error, much less plain error. Subsection (b) of section 5G1.3 provides, in relevant part:

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and

-4-

that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments) . . . the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons . . . .

USSG §5G1.3(b).

As a threshold matter, section 5G1.3(b) does not authorize a district court to grant "credit" for time served because "[t]he Bureau of Prisons is responsible for computing the sentencing credit after the defendant has begun serving his sentence." United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006). Rather, subsection (b) instructs a district court to "adjust" a defendant's sentence to account for undischarged terms of imprisonment under the specific circumstances identified in the guideline. See USSG §5G1.3(b).

None of those circumstances were present here.[3] At the time of Woods's federal sentencing hearing, he was in state custody serving a state parole revocation sentence. Woods was paroled in March 2010 on his 2002 Nebraska state convictions of assault and use of a weapon to commit a felony. That parole was revoked based on April 2011 charges of burglary, making terroristic threats, and use of a firearm to commit a felony. None of this is "relevant conduct" to his federal drug convictions, both of which are based on drug sales to cooperating witnesses in October and December 2010. Nor did any of this conduct serve as "the basis for an increase in the offense level for the instant offense." Thus, subsection (b) does not apply to Woods.

---

[3]Because we conclude that section 5G1.3(b) does not apply to Woods, we need not address his argument that this section permits a district court to "adjust" a sentence downward even when a defendant is subject to a statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(B).

The guidelines specify that "[s]ubsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked." USSG §5G1.3, comment. (n.3(C)). Woods fits squarely within this description because he committed his federal offense while he was on parole for unrelated state convictions, and the state subsequently revoked his parole. Woods argues that his parole revocation should have been dismissed when the new state charges underlying that revocation were dismissed. However, it is undisputed that this did not happen, and that Woods remained in Nebraska custody serving his parole revocation sentence. Thus, subsection (c) applies to Woods. See id.

Under subsection (c), "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment." USSG §5G1.3(c), p.s. Moreover, "[u]nlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment." USSG §5G1.3, comment. (n.3(E)). The district court refused to adjust Woods's sentence for time served, but did order his federal sentence to run concurrently with the remaining portion of his state sentence. In short, the district court did not err, but rather correctly followed the procedure established in section 5G1.3. Thus, Woods is not entitled to relief on his first procedural error argument.

2.

Woods further argues that the district court committed procedural error by presuming the reasonableness of the guideline range, failing to adequately consider the relevant sentencing factors, and failing to adequately explain the reasons for imposing the particular sentence. To the extent any of these challenges relate to the district court's failure to discuss section 5G1.3, we reject them for the reasons explained above. To the extent he raises more generalized challenges, we need not

decide whether the district court erred because we hold that any error was harmless. A procedural error at sentencing is harmless if it "does not affect substantial rights." United States v. Henson, 550 F.3d 739, 740 (8th Cir. 2008). When a defendant brings a procedural error challenge, the government bears the burden of showing the error "did not substantially influence the outcome of the sentencing proceeding." United States v. Woods, 670 F.3d 883, 886 (8th Cir. 2012) (internal quotation marks omitted).

Woods received the statutory mandatory minimum of five years imprisonment. "In the absence of a government motion, a district court is without authority to impose a sentence below a statutory minimum." United States v. Freemont, 513 F.3d 884, 888 (8th Cir. 2008). Because section 5G1.3(c) did not authorize the district court to adjust Woods's sentence for time served, and because the district court lacked authority to sentence Woods below the mandatory minimum, Woods received the shortest sentence he possibly could have received under the circumstances of his case. Consequently, any procedural error did not affect Woods's substantial rights.

C.

Woods lastly argues his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

As explained above, Woods received the statutory mandatory minimum sentence. Further, the district court was lenient in ordering Woods's federal sentence to run concurrent with the remaining portion of his Nebraska parole revocation sentence, because the guidelines recommend a consecutive sentence under these circumstances. See USSG §5G1.3, comment. (n.3(C)). Woods's sentence is not substantively unreasonable.

III.

Accordingly, we affirm.

_____