# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2615
_____

United States of America

*Plaintiff - Appellee*

v.

Froylan Pedroza-Guadarrama

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 14, 2015
Filed: April 17, 2015
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Froylan Pedroza-Guadarrama directly appeals the sentence the district court[1] imposed in his criminal case. Pedroza pleaded guilty to conspiring to distribute and

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. In the written plea agreement, he waived the right to appeal his sentence on any ground except for ineffective assistance, prosecutorial misconduct, or an illegal sentence. In a brief filed under *Anders v. California*, 386 U.S. 738 (1967), counsel argues that the district court erred in calculating the drug quantity attributable to Pedroza. In a pro se supplemental brief, Pedroza raises additional arguments that trial counsel was ineffective for failing to properly litigate his objection to the drug quantity, and that the district court erred in denying his request for a minor-role reduction.

After careful review, we enforce the appeal waiver and dismiss this appeal. *See United States v. Boneshirt*, 662 F.3d 509, 515 (8th Cir. 2011) (de novo review); *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (appeal-waiver rule). The drug-quantity and minor-role-reduction issues fall within the scope of the waiver; Pedroza knowingly and voluntarily entered into the plea agreement and waiver, as the magistrate[2] reviewed both with Pedroza, who indicated that he had reviewed the agreement with counsel, understood its terms, and voluntarily pleaded guilty, *see Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements during plea hearing carry strong presumption of verity); and enforcing the waiver would not result in a miscarriage of justice, *see Andis*, 333 F.3d at 891-92 (outlining narrow miscarriage-of-justice exception to appeal-waiver rule; allegation that sentencing court misapplied Sentencing Guidelines or abused its sentencing discretion is not subject to appeal in face of valid appeal waiver). Further, the record is insufficiently developed to consider Pedroza's ineffective-assistance claim on direct appeal. *See United States v. Woods*, 717 F.3d 654, 657 (8th Cir. 2013) (ineffective-assistance claims are usually best litigated in collateral proceedings, and this court considers such claims on direct appeal only if record has been fully developed,

---

[2]The Honorable Matt J. Whitworth, United States Magistrate Judge for the Western District of Missouri.

counsel's error is readily apparent, or to not act would amount to plain miscarriage of justice). An independent review of the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), reveals no nonfrivolous issues outside the scope of the appeal waiver.

Accordingly, the appeal is dismissed. Pedroza's pro se motion to appoint new counsel is denied. Counsel's motion to withdraw is granted, subject to counsel informing appellant about the procedures for seeking rehearing from this court and for filing a petition for writ of certiorari.

_____