# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3645

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Channel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 9, 2015
Filed: July 16, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Christopher Channel directly appeals after he pled guilty to drug-trafficking and firearm offenses, and the district court[1] sentenced him to 254 months in prison,

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

which was below his calculated Guidelines range, below the applicable statutory maximum penalties, and below the term of imprisonment recommended by the parties in his plea agreement. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging that Channel's plea agreement contained an appeal waiver, suggesting that Channel's sentence is excessive, and indicating that Channel believes he received ineffective assistance of counsel at his change-of-plea and sentencing hearings. Channel has not filed a supplemental brief. After careful review, we decline to consider on direct appeal Channel's apparent ineffective-assistance claims, see United States v. Woods, 717 F.3d 654, 657 (8th Cir. 2013), and we enforce the appeal waiver, see United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). Finally, having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal, outside the scope of the appeal waiver.

Accordingly, the appeal is dismissed. As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____