# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2585

_____

United States of America

*Plaintiff - Appellee*

v.

Jacquell Lowe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: January 21, 2020
Filed: January 28, 2020
[Unpublished]

_____

Before GRUENDER, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jacquell Lowe appeals the sentence the district court[1] imposed after he pleaded guilty to a drug offense pursuant to a plea agreement that contained an appeal waiver.

_____

[1]The Honorable Daniel L. Hovland, United States District Court Judge for the District of North Dakota.

His counsel has filed a motion to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging whether the district court properly considered the policy disagreements that exist among district courts regarding methamphetamine sentencing guidelines and suggesting that the sentence is unreasonable. Lowe has filed a supplemental brief asserting that counsel was ineffective and reiterating the claim regarding policy disagreements.

We decline, at this time, to consider ineffective-assistance issues. *See United States v. Woods*, 717 F.3d 654, 657 (8th Cir. 2013) (stating that ineffective-assistance claims are usually best litigated in collateral proceedings, and this court considers such claims on direct appeal only if the record has been fully developed, counsel's error is readily apparent, or to not act would amount to plain miscarriage of justice). As to the remaining issues, we enforce the appeal waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (stating that this court reviews de novo the validity and applicability of an appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (stating that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, grant counsel leave to withdraw, and deny Lowe's motion for appointment of new counsel.

_____