# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2477

_____

United States of America

*Plaintiff - Appellee*

v.

Sean A. Sykes, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 14, 2020
Filed: February 21, 2020
[Unpublished]

_____

Before LOKEN, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Sean Sykes, Jr., appeals after he pleaded guilty to drug and firearm offenses under a plea agreement containing an appeal waiver, and the district court[1] sentenced

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

him to a within-Guidelines prison term. His counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the reasonableness of the sentence. Sykes has filed a motion for the appointment of new counsel, claiming that his current counsel was ineffective.

To the extent that Sykes raises ineffective-assistance issues, we decline to consider them at this time. <u>See</u> <u>United States v. Woods</u>, 717 F.3d 654, 657 (8th Cir. 2013) (ineffective-assistance claims are usually best litigated in collateral proceedings; this court considers such claims on direct appeal only if record has been fully developed, counsel's error is readily apparent, or not acting would amount to plain miscarriage of justice). As to Sykes's challenge to the reasonableness of the sentence, upon careful de novo review, we enforce the appeal waiver. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing validity and applicability of appeal waiver de novo ); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcement would not result in miscarriage of justice).

Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, deny Sykes's motion for appointment of counsel as moot, and grant counsel's motion to withdraw.

_____