# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3408
_____

United States of America,

*Plaintiff - Appellee,*

v.

Felicia Ann Massey,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: November 15, 2019
Filed: April 28, 2020

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Felicia Massey appeals the sentence imposed in her drug trafficking case. She pleaded guilty to conspiring to distribute methamphetamine and cooperated with the

government.  The district court[1] reduced Massey's sentence below the statutory minimum term of 120 months' imprisonment based on her provision of substantial assistance to the government, and imposed a term of 86 months' imprisonment.  *See* 18 U.S.C. § 3553(e).  Massey argues for the first time on appeal that the district court should have considered additional factors in determining how much to reduce her sentence.  She also seeks relief under the First Step Act of 2018.  We conclude that there was no plain error at sentencing, and that Massey is ineligible for relief under the First Step Act.

At sentencing, the district court determined an advisory guideline sentence of 120 months' imprisonment, because the statutory minimum term under 21 U.S.C. § 841(b)(1)(A) exceeded the otherwise applicable guideline range.  *See* USSG § 5G1.1(b).  The government moved under USSG § 5K1.1 and 18 U.S.C. § 3553(e) to reduce Massey's sentence based on her provision of substantial assistance.  The government recommended a reduction to 102 months, but the court went further and arrived at a term of 86 months.  The court explained to Massey that it was "restricted on giving any reduction from the 120 months for how your cooperation has valued; it can't be for any other reason under the law."  After assessing Massey's assistance and evaluating reductions granted to other cooperating defendants, the court reduced Massey's term by twenty-eight percent to 86 months.

On appeal, Massey first argues that the district court erroneously limited the factors that it considered in determining how much to reduce her sentence.  It is settled that the court was permitted to consider only assistance-related considerations. *United States v. Williams*, 474 F.3d 1130, 1131 (8th Cir. 2007); *see also United States v. Burns*, 577 F.3d 887, 894 & n.4 (8th Cir. 2009) (en banc).  The court cannot, for example, rely on the government's motion under § 3553(e) to reduce a defendant's

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

sentence based on "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), if they are unrelated to her assistance. The decision in *Pepper v. United States*, 562 U.S. 476 (2011), holding that a sentencing court may consider post-sentencing rehabilitation under § 3553(a) at a resentencing, does not change the rule for substantial-assistance reductions. *See, e.g.*, *United States v. Williams*, 687 F.3d 283, 287-88 (6th Cir. 2012). The governing statute gives the court authority to reduce a sentence below the statutory minimum only "*so as to reflect a defendant's substantial assistance* in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e) (emphasis added).

Massey argues, however, that some of her history and characteristics are related to her assistance: that she was forty-six years old with very limited criminal history; that she fully accepted responsibility for her crime; that she once was a drug addict, but later maintained sobriety; that she had completed drug treatment; that she attended therapy; and that she had limited knowledge of the offense conduct in her conspiracy case. These characteristics, she argues, would make her a strong witness who might persuade a defendant to plead guilty or a jury to convict, so they enhanced the usefulness of her assistance.

The government argues that Massey waived any objection along these lines, because her counsel conceded that "the current case law says the Court cannot consider the 3553(a) factors when departing below the mandatory minimum." S. Tr. 13. The government also points to counsel's statement that "there's five factors that the guidelines tell the Court to look at." S. Tr. 10. These factors, set forth in USSG § 5K1.1, relate only to a defendant's assistance and do not encompass unrelated history and characteristics of the defendant. We need not decide whether Massey's comments at sentencing amount to a formal waiver of her argument on appeal. Insofar as Massey argues that some of her history and characteristics are relevant to the assistance that she provided, and that the district court mistakenly failed to consider them, she forfeited that contention at a minimum. Massey did not object to

the district court's statement about the scope of its analysis, so at most we review her present argument for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

Massey cannot establish a plain error that warrants relief. It is questionable whether the personal characteristics now raised by Massey were relevant to the significance and usefulness of her assistance or any other assistance-related factor. But even assuming they were pertinent, the district court did not say that it refused to consider them. The court said only that its analysis was limited to considering how Massey's cooperation was valued, and that it was not permitted to reduce her sentence for unrelated reasons under the guise of cooperation. This was a correct statement of the law. Massey has not established that the court refused to consider any assistance-related consideration or that explicit consideration of her preferred factors is reasonably likely to have affected the sentence.

Massey argues alternatively that she is entitled to relief under the First Step Act of 2018. She cites a new provision making a defendant eligible for a sentence below a statutory minimum, without providing substantial assistance, if she does not have more than four criminal history points under the sentencing guidelines and meets other criteria. *See* 18 U.S.C. § 3553(f). At the time of Massey's sentencing, the limitation on statutory minimums was available only to defendants with no more than one criminal history point under the guidelines, *see id*. § 3553(f)(1) (2018), and Massey did not qualify because she registered three points. Massey argues for rensentencing under the more favorable provision.

Massey is not entitled to resentencing based on the First Step Act. The Act provides that the amendment to § 3553(f) "shall apply only to a conviction entered on or after the date of enactment of this Act." First Step Act of 2018, Pub. L. No. 115-391, § 402(b), 132 Stat. 5194, 5221. The date of enactment was December 21, 2018. Massey's conviction was entered no later than October 26, 2018, when the

district court entered final judgment after sentencing, so it was not entered "on or after the date of enactment." The new provision thus does not apply in Massey's case. *See United States v. Cabezas-Montano*, 949 F.3d 567, 604 n.36 (11th Cir. 2020).

The judgment of the district court is affirmed.

_____