# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2810
_____

United States of America

*Plaintiff - Appellee*

v.

Julius Gene Irvin

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: April 15, 2022
Filed: June 7, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Julius Gene Irvin pleaded guilty to distribution of controlled substances near a protected location resulting in death. See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a). Irvin's sentencing range under the U.S. Sentencing Guidelines was 262 to 327 months' imprisonment. His statutory minimum sentence was 240 months' imprisonment. Because Irvin had provided substantial assistance, the government

moved for a departure from the sentencing range under Guidelines § 5K1.1 and for a sentence below the statutory minimum under 18 U.S.C. § 3553(e). The district court[1] granted both motions, departed by thirty percent from the Guidelines range to a reduced range of 183 to 229 months' imprisonment, and imposed a 183-month sentence.

Irvin argues that his sentence is substantively unreasonable because the district court failed to consider or give adequate weight to certain mitigating circumstances. He explains that his treatment for sickle cell anemia caused him to become addicted to opioids and that the resultant drug dependence led him to facilitate heroin transactions for fellow addicts and to commit various thefts so that he could secure the drug for himself. He contends that the district court should have varied downward because his criminal history was typical of a drug addict. The sentencing transcript makes clear, however, that the district court considered these circumstances and accorded them the weight it deemed appropriate. See United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (internal quotation marks and citation omitted)). We conclude that the sentence is not substantively unreasonable.

Moreover, § 3553(e) grants the district court limited authority to impose a sentence below a statutory minimum "so as to reflect a defendant's substantial assistance" to the government. A district court exceeds that authority if it "imposes a sentence below the statutory minimum in part so as to reflect the history and characteristics of the defendant." United States v. Williams, 474 F.3d 1130, 1132 (8th Cir. 2007); see also United States v. Massey, 956 F.3d 1076, 1078 (8th Cir. 2020) ("It is settled that the court was permitted to consider only assistance-related

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

considerations."); <u>United States v. Freemont</u>, 513 F.3d 884, 888 (8th Cir. 2008) ("A defendant's assistance is the only permissible basis for the government to exercise or refuse to exercise its power under § 3553(e)."). The district court here thus lacked authority to impose a sentence further below the statutory minimum based on the circumstances set forth above.

The judgment is affirmed.

_____