# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3395
_____

United States of America,

*Plaintiff - Appellee*,

v.

Michael Wayne Bailey,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 17, 2022
Filed: January 24, 2023
[Unpublished]

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Michael Bailey pleaded guilty to one count of conspiracy to distribute fifty grams or more of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 846. The statutory minimum sentence for that offense is 180 months' imprisonment. *Id.* §§ 841(b)(1)(A), 851. At sentencing, Bailey argued that he was eligible to be sentenced without regard to the statutory minimum because he met the criteria in 18 U.S.C. § 3553(f)(1). The district court[1] concluded that Bailey did not satisfy § 3553(f)(1), but reduced Bailey's guidelines range from 180 to 153 months' imprisonment under 18 U.S.C. § 3553(e).

Bailey appeals and argues that the district court misinterpreted § 3553(f)(1) in denying his request to be sentenced without regard to the statutory minimum. A district court may sentence a defendant without regard to the statutory minimum if the court finds that—

> (1) the defendant does not have—
>
> > (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> >
> > (B) a prior 3-point offense, as determined under the sentencing guidelines; and
> >
> > (C) a prior 2-point violent offense, as determined under the sentencing guidelines.

18 U.S.C. § 3553(f)(1).

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

Although Bailey's criminal history includes a prior three-point offense for purposes of subsection (B), he asserts eligibility for a sentence below the statutory minimum because he does not have the criminal history specified in subsections (A) and (C). Bailey's argument is foreclosed by *United States v. Pulsifer*, 39 F.4th 1018, 1022 (8th Cir. 2022), *petition for cert. filed*, (U.S. Oct. 7, 2022) (No. 22-340). This court concluded in *Pulsifer* that § 3553(f)(1) serves as a checklist, and that the subsection "is satisfied only when the defendant (A) does not have more than four criminal history points, (B) does not have a prior three-point offense, and (C) does not have a prior two-point violent offense." *Id.* Because Bailey has a prior three-point offense, he is ineligible for sentencing without regard to the statutory minimum.

Bailey also argues that the district court failed to consider relevant factors in reducing his sentence under 18 U.S.C. § 3553(e). He cites the timeliness of his efforts, limitations imposed by his health conditions, and risks to his personal safety. But Bailey raises some of these points for the first time on appeal, and he has not established that the district court erred in refusing to consider any relevant factor under § 3553(e). *See United States v. Massey*, 956 F.3d 1076, 1078 (8th Cir. 2020).

The judgment of the district court is affirmed.

_____

-3-