# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3277
_____

United States of America

*Plaintiff - Appellee*

v.

Devon Dwayne Reginald Glover, also known as Chiraq

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: March 28, 2023
Filed: April 5, 2023
[Unpublished]
_____

Before COLLOTON, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Devon Glover appeals the statutory minimum sentence the district court[1] imposed after he pled guilty to firearm offenses. His counsel has moved for leave to

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing the district court erred in failing to conduct a competency hearing and challenging the substantive reasonableness of the sentence.

Upon careful review, we conclude the district court did not abuse its discretion in forgoing a hearing or additional factfinding regarding Glover's competency. *See United States v. Turner*, 644 F.3d 713, 723 (8th Cir. 2011) (reviewing district court's decision not to hold a competency hearing for abuse of discretion); *United States v. Jones*, 23 F.3d 1307, 1309 (8th Cir. 1994) (recognizing discretion to hold or forgo evidentiary hearing when report submitted to court indicates defendant is competent). We also conclude the district court did not impose a substantively unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing substantive reasonableness under deferential abuse-of-discretion standard; district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an improper or irrelevant fact, or commits a clear error of judgment in weighing appropriate factors). Further, Glover received the shortest sentence possible. *See United States v. Woods*, 717 F.3d 654, 659 (8th Cir. 2013) (noting statutory minimum sentence was not substantively unreasonable).

We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw and affirm.

_____