United States Court of Appeals

For the Eighth Circuit
_____

No. 24-3214
_____

United States of America

*Plaintiff - Appellee*

v.

Alfred D. Rogers

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: October 2, 2025
Filed: October 7, 2025
[Unpublished]
_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Alfred Rogers received a 480-month prison sentence after a jury found him
guilty of drug and firearm offenses. *See* 21 U.S.C. § 841(a)(1), (b)(1); 18 U.S.C.
§ 924(c)(1)(A). In addition to arguing the sentence is too long, an *Anders* brief
suggests that the jury should never have heard about his prior convictions or what a
confidential informant told the police. *See Anders v. California*, 386 U.S. 738

(1967). A pro se supplemental filing adds that counsel's ineffectiveness led to numerous errors at trial.

On every point, we conclude otherwise. Rogers's criminal history was admissible to prove that he knew about the drugs and firearm found in his house. *See United States v. Ellis*, 817 F.3d 570, 579–80 (8th Cir. 2016); *see also id.* at 580 (noting that limiting instructions mitigate unfair prejudice). The hearsay from the confidential informant, even if it violated the Confrontation Clause, was harmless because "the remaining evidence [was] overwhelming." *United States v. Holmes*, 620 F.3d 836, 844 (8th Cir. 2010) (reviewing for harmless error). And the district court[1] did not abuse its discretion by imposing the *minimum* sentence possible on each count. *See United States v. Woods*, 717 F.3d 654, 659 (8th Cir. 2013); *see also* 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(C)(i), (D)(ii). As for the remaining arguments, raised in the pro se filing, they are premature, *see United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006) (explaining that ineffective-assistance claims are "more properly raised in a separate motion under 28 U.S.C. § 2255"), forfeited, *see United States v. Olano*, 507 U.S. 725, 731 (1993) (describing plain-error review), or meritless, *see United States v. Jones*, 687 F.2d 1265, 1270 (8th Cir. 1982) (noting that the Constitution does not guarantee a racially representative jury).

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.