10-2209-cr
USA v. Aitchison

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of January, two thousand eleven.

Present:
      GUIDO CALABRESI,
      ROBERT D. SACK,
      ROBERT A. KATZMANN,
             *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee*,

       v.                           No. 10-2209-cr

JAMES W. AITCHISON,

     *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | Arza Feldman, Feldman and Feldman, Uniondale, NY |
| For Appellee: | Craig S. Nolan, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, *of counsel*), *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Rutland, VT |

Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant James W. Aitchison appeals from a May 27, 2010 judgment of conviction entered by the United States District Court for the District of Vermont (Murtha, *J.*). On July 16, 2008, a grand jury returned a superseding indictment charging Aitchison with, *inter alia*, the discharge of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Aitchison pleaded guilty to this offense pursuant to a written plea agreement, and on May 26, 2010, the district court sentenced him principally to a term of 180 months' imprisonment. On appeal, Aitchison contends that this sentence was procedurally unreasonable insofar as the district court erroneously applied a five-year upward departure pursuant to U.S. Sentencing Guidelines ("Guidelines") 5K2.2 and 5K2.3 and failed to offset that departure with credit for acceptance of responsibility. We assume the parties' familiarity with the facts and procedural history of this case.

We review sentences for reasonableness and, in doing so, apply a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)) (internal quotation marks omitted). A district court commits procedural error by, *inter alia*, "failing to calculate (or improperly calculating) the Guidelines range" or "selecting a sentence based on clearly erroneous facts." *Gall*, 552 U.S. at 51. The abuse of discretion standard "incorporates *de novo* review of questions of law (including interpretation of the Guidelines) and clear-error review of questions of fact." *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008).

2

In imposing an upward departure of five years' imprisonment in addition to the ten years called for by the Guidelines recommendation and the statutory minimum, the district court relied primarily on the policy statement contained in Guideline 5K2.2, which provides in relevant part:

> If significant physical injury resulted, the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the extent of the injury, the degree to which it may prove permanent, and the extent to which the injury was intended or knowingly risked. When the victim suffers a major, permanent disability and when such injury was intentionally inflicted, a substantial departure may be appropriate. If the injury is less serious or if the defendant (though criminally negligent) did not knowingly create the risk of harm, a less substantial departure would be indicated.

Aitchison contends that the district court applied this departure erroneously because the record did not support a finding of permanent injury and because the district court's findings with respect to Aitchison's *mens rea* were inadequate.

Before evaluating these arguments, we note that there is no dispute that when Aitchison fired at least six shots into the back of a van, a seventeen-year-old girl was sitting in the passenger seat, and that one of the bullets struck the girl and lodged in her hip, where it remained as of the date of the sentencing. It is therefore apparent that "significant physical injury resulted" from Aitchison's offense, U.S.S.G. § 5K2.2, which is all that was needed to satisfy the threshold requirement for a departure on the basis of this Guideline.

Aitchison's challenges to the district court's reliance on Guideline 5K2.2 thus go only to the extent of the departure, and we find no error by the district court in this regard. The district court's conclusion that the victim had a permanent physical disability was soundly based on, *inter alia*, a letter filed under seal by the victim's treating physician finding that she suffered "long term pain and limitations in her activities and life-style," App. 16, and the victim's testimony at the sentencing hearing to the same effect. As to Aitchison's mental state, the district

3

court noted that Aitchison acted "reckless[ly]," expressed doubts as to whether Aitchison "intentionally inflicted" the victim's injuries, and disagreed with the conclusion that Aitchison "did not knowingly create the risk of harm." *Id.* at 62-64. While Aitchison asserts that these various statements are materially inconsistent with one another, we disagree. At any rate, the district court's observation that Aitchison acted "reckless[ly]" was confirmed by Aitchison during his allocution. *Id.* at 62. This state of mind, coupled with the significant extent of the victim's injury, supported the five-year departure here imposed.

In explaining its reasons for Aitchison's sentence, the district court also made a passing reference to Guideline 5K2.3, which authorizes upward departures in cases of "extreme psychological injury." Among the requirements for departing on this basis is that "a victim or victims suffered psychological injury much more serious than that normally resulting from commission of the offense." U.S.S.G. § 5K2.3; *see also United States v. Lasaga*, 328 F.3d 61, 66 (2d Cir. 2003) ("[Guideline] 5K2.3 requires a finding of comparatively greater harm, relative to a 'normal' or 'typical' injury of the type enumerated in the guideline."). Aitchison contends that the district court failed to make this requisite comparative finding, but we need not pass upon the merits of this argument. Even assuming *arguendo* that the district court's citation to this Guideline was in error, any such error was harmless given that the court primarily relied on Guideline 5K2.2 as a basis for departure and that the extent of the departure here was fully justified on that basis alone. *See, e.g.*, *United States v. Reis*, 369 F.3d 143, 151 (2d Cir. 2004).

Finally, Aitchison claims that the district court erred in failing to adjust the upward departure for acceptance of responsibility. The record indicates that the district court fully understood its authority to lessen the departure in light of Aitchison's remorse and that it chose

4

not to do so.  This choice was not an abuse of discretion.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK