# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1300

_____

United States of America

*Plaintiff - Appellee*

v.

Jerry D. Franklin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 17, 2012
Filed: October 2, 2012

_____

Before RILEY, Chief Judge, SMITH and COLLOTON, Circuit Judges.

_____

RILEY, Chief Judge.

Jerry Franklin was sentenced to 216 months imprisonment for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2. On appeal, Franklin claims the district court[1]

_____

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

procedurally and substantively erred by departing upwards 108 months under the advisory United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 5K2.2. We affirm.

## I.    BACKGROUND

On November 20, 2009 in St. Louis, Missouri, Federal Drug Enforcement Agency (DEA) investigators observed a man, carrying a bag and a bucket, exit a building linked to methamphetamine manufacturing. The man entered the passenger side of a truck driven by Franklin, who "sped off recklessly." Law enforcement officers pursued the truck while operating their lights and sirens.

Traveling, at times, between fifty and sixty miles per hour on city streets, the truck collided with the front of a police car parked on the side of the road. At the time of the collision, the police car's emergency overhead lights were activated. DEA agents on the scene "did not observe brake lights being activated on the . . . truck, and [Franklin] made no apparent attempt to avoid the head-on collision." One of the officers in the parked police car testified the "truck [made] a quick deliberate left turn . . . into the path of [the] parked police car." Investigators later found methamphetamine in the truck Franklin was driving.

As a result of the collision, one of the two officers inside the police car broke his wrist, and the other officer suffered eight broken ribs, a tear in his left renal artery, kidney damage so severe that surgery was required to remove the affected kidney, a broken foot, a torn meniscus in his right knee, depression, and post-traumatic stress disorder. This officer was unable to resume his law enforcement career.

Franklin pled guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine. At Franklin's sentencing hearing on June 18, 2010, the district court calculated an initial advisory Guidelines range of 87 to 108 months imprisonment. The government then moved to depart upwards by seven

levels under U.S.S.G. §§ 5K2.2 and 2A2.2 based upon the police officers' significant injuries. In response, Franklin's counsel admitted Franklin's "reckless behavior" "irreparabl[y]" harmed the police officers, but denied that Franklin intended to injure them.

Before ruling on the government's motion, the district court announced it had "considered all of the factors about [Franklin], including [his] history of drug abuse," his "upbringing[,] and [his] history of . . . mental health issues." The district court next considered the circumstances of Franklin's offense, noting that Franklin was intoxicated from methamphetamine at the time of his arrest and seriously injured the two police officers, especially the officer whose loss of a kidney "clearly meets the definition of being [a] permanent and life threatening" injury. The district court also found Franklin "most culpable for [the] violent act" of driving the truck into the police car.

The district court granted the government's U.S.S.G. § 5K2.2 motion for an upward departure and sentenced Franklin to 216 months imprisonment. The district court explained "this sentence meets the sentencing objectives of providing just punishment, as well as reflecting the seriousness of the offense, and providing deterrence to [Franklin] and others." See 18 U.S.C. § 3553(a)(2)(A)-(B). The district court also deemed the sentence "appropriate" based upon "not just the Government's motion under 5K2.2, but . . . also all other factors about [Franklin] and about this crime, and including the Sentencing Guidelines and all of the policy statements and recommendations of the Guidelines." The district court explained that the departure was

> within the Guidelines range [the government] suggested, but I'm not departing seven levels, I'm departing from a range of 87 to 108 months to a sentence of 216 months. You can calculate that by levels if you wish to, but I'm looking at the sentence itself, as I believe I am required to do under 3553(a), and not simply at the Guidelines. Those are simply

one factor I am considering. . . . It's within the Guidelines range [the government] suggested, but that is not why I selected it. I selected it because I believe under all of the 3553(a) factors, it's appropriate.

Franklin did not object to the departure or variance, the district court's reasoning, or his sentence.

Franklin appeals his sentence, claiming the district court committed both procedural and substantive error "by failing to consider Franklin's lack of intent when determining the extent of an upward departure under U.S.S.G. § 5K2.2."[2]

## II. DISCUSSION

In reviewing the sentence imposed by the district court, we

must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

Gall v. United States, 552 U.S. 38, 51 (2007). If the district court did not procedurally err, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

---

[2]The government contends the appeal waiver in Franklin's plea agreement precludes this appeal. Because we conclude the district court did not err or abuse its sentencing discretion, we "do not address the government's plea agreement appeal waiver issue" and proceed to the merits of Franklin's appeal. United States v. Dace, 660 F.3d 1011, 1014 n.2 (8th Cir. 2011).

### A.    No Procedural Error

Franklin contends the district court committed procedural error by failing "to explain whether and to what extent it had considered [U.S.S.G. §] 5K2.2's recommendation that a substantial departure is warranted only when the referenced injuries were intentionally inflicted." (emphasis omitted).  While the district court's comments concerning the nature of the increase in Franklin's sentence are somewhat ambiguous, we view this increase as more likely a variance, rather than a departure, and conclude the district court did not abuse its considerable discretion by varying upwards.  See United States v. Richart, 662 F.3d 1037, 1053-54 (8th Cir. 2011) (applying the standard of review).

If the district court's increase were a departure, we respond to Franklin's arguments concerning an upward departure.  We review this procedural challenge for plain error because Franklin did not raise the challenge in the district court.  See United States v. Molnar, 590 F.3d 912, 914 (8th Cir. 2010).  Under plain error review, Franklin must show "(1) there was error, (2) the error was plain, and (3) the error affected his substantial rights," meaning it was prejudicial.  Id. at 915.  "In the sentencing context, an error is prejudicial only if the defendant proves a reasonable probability that he would have received a lighter sentence but for the error."  Id.  "[W]e will exercise our discretion to correct such an error only if the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"  Id. (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

U.S.S.G. § 5K2.2 allows the district court to depart upwards from the Guidelines range "[i]f significant physical injury resulted."  It provides,

> [t]he extent of the increase ordinarily should depend on the extent of the injury, the degree to which it may prove permanent, and the extent to which the injury was intended or knowingly risked.  When the victim suffers a major, permanent disability and when such injury was intentionally inflicted, a substantial departure may be appropriate.  If the

injury is less serious or if the defendant (though criminally negligent) did not knowingly create the risk of harm, a less substantial departure would be indicated.

Id.

Contrary to Franklin's assertion, U.S.S.G. § 5K2.2 allows substantial departures not only when a defendant intends to inflict an injury, but also when the defendant "knowingly risked" inflicting such an injury. See id.; cf. United States v. Aitchison, 411 F. App'x 358, 360-61 (2d Cir. 2011) (unpublished) (affirming a fifty percent upward departure under U.S.S.G. § 5K2.2 because the defendant acted "reckless[ly]," even though the district court "doubt[ed] . . . whether [the defendant] 'intentionally inflicted' the victim's injuries"). In Franklin's case, ample evidence suggests Franklin knowingly risked injuring the officers. The marked police car Franklin hit had its "emergency overhead lights on" and was parked on the side of the street. Despite the police car's visibility, DEA "[a]gents did not observe brake lights being activated on the [truck Franklin was driving], and [Franklin] made no apparent attempt to avoid the head-on collision." Franklin made "a quick deliberate left turn . . . into the . . . parked police car." Franklin's counsel admitted at sentencing that Franklin's behavior was "reckless." The district court did not plainly err in determining the officer who suffered, as a result of Franklin's conduct, eight broken ribs, a torn renal artery, kidney loss, and other serious injuries incurred a significant physical injury. See United States v. Reyes, 557 F.3d 84, 88 (2d Cir. 2009) (holding an upward departure under U.S.S.G. § 5K2.2 was not error or an abuse of discretion where the victim suffered "permanent and life-threatening injuries").

Although the district court did not expressly refer to Franklin's state of mind in injuring the officers, the district court heard argument on this issue and stated it had considered "all of the policy statements and recommendations of the Guidelines" in crafting Franklin's sentence. This was sufficient. See United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008) (noting "not every reasonable argument advanced by

a defendant requires a specific rejoinder by the judge"). The district court did not plainly err or abuse its discretion either in varying upwards or in departing upwards to a sentence of 216 months imprisonment. Nor did the district court plainly err in explaining the reasons for the variance or departure.

### B. Substantive Reasonableness

Franklin asserts his sentence is substantively unreasonable because the district court (1) "failed to consider Franklin's intent in causing the injury, which is a relevant factor that should have received significant weight"; and (2) "did not adequately explain how [the other § 3553(a) factors] could support such a significant upward departure independent of the reasoning in U.S.S.G. § 5K2.2."

> [A]ll that is generally required . . . is evidence that the district court was aware of the relevant factors. . . . If a district court "references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute."

United States v. Perkins, 526 F.3d 1107, 1110-11 (8th Cir. 2008) (quoting United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004)). The district court noted it had considered the § 3553(a) factors, discussing several specifically. The district court did not abuse its discretion. The sentence is not substantively unreasonable.

### III. CONCLUSION

Because the district court did not commit any error or abuse its discretion, we affirm.

_____