14-4191-cr
United States v. Nguyen

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of December, two thousand fifteen.

PRESENT: DENNIS JACOBS,
        PIERRE N. LEVAL,
        GUIDO CALABRESI,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
    Appellee,

    -v.-                        14-4191-cr

DAWN NGUYEN,
    Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          ANDREW H. FREIFELD, Law Office of Andrew H. Freifeld, New York, NY.

FOR APPELLEE:           JAMES P. KENNEDY, JR., for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Dawn Nguyen appeals from the judgment of the United States District Court for the Western District of New York (Larimer, J.) convicting her of (i) making false statements in connection with the acquisition of a firearm, (ii) disposing of a firearm to a convicted felon, and (iii) possessing firearms as a drug user. Nguyen was sentenced chiefly to 96 months' imprisonment. Nguyen challenges the reasonableness of her sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. We review a sentence for procedural reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). That means a district court's application of the Sentencing Guidelines is reviewed de novo and its factual findings are reviewed for clear error. United States v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011). A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Aldeen, 792 F.3d 247, 251 (2d Cir. 2015) (quoting United States v. Chu, 714 F.3d 742, 746 (2d Cir. 2013)). When a district court deviates from the Sentencing Guidelines range, "it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 252 (internal quotation marks and citations omitted).

Nguyen fails to establish that the district court committed any procedural error. The district court appropriately weighed the factors laid out in § 3553(a) and reasonably determined that the Sentencing Guidelines did not sufficiently account for the severity of Nguyen's conduct and culpability. See United States v. Gilmore, 599 F.3d 160, 169 (2d Cir. 2010). As a result, the district court

2

considered whether an upward departure pursuant to §§ 5K2.1 ("death") and 5K2.2 ("significant physical injury") was necessary. Death and significant physical injury unquestionably resulted from Nguyen's crimes. Coupling this fact with the finding that Nguyen acted "recklessly" in providing firearms to Spengler — whom she knew to be a mentally unstable, convicted violent felon who mused aloud about killing his sister — provided the district court with a sufficient basis to invoke an upward departure under §§ 5K2.1 and 5K2.2. See, e.g., United States v. Aitchison, 411 Fed. App'x 358, 360-61 (2d Cir. 2011).

Contrary to Nguyen's argument, the enhancements in §§ 2K2.1(b)(6)(B) and 2K2.1(c) do not mean that all of the circumstances of her offense were adequately taken into consideration in determining the guidelines range, such that departure was not warranted under §§ 5K2.1 and 5K2.2. The particulars of her offense, such as the multiple deaths and injuries that resulted (both deemed relevant under §§ 5K2.1 and 5K2.2), and the mayhem and massive property destruction, authorize departure beyond the § 2K2.1 enhancements, under the provisions of § 5K2.

Nguyen's challenge to the district court's factual findings similarly fails. Based on the evidence presented in the pre-sentence report and at the sentencing hearing, the district court had a more than adequate basis for finding that (i) the firearm Spengler used to shoot the firefighters was one that Nguyen had provided him, and (ii) Nguyen believed Spengler to be "crazy."

**2.** Our review of the substantive reasonableness of a sentence is "particularly deferential": we will set aside sentences as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions"; that is, where the sentence "shocks the conscience," "constitutes a manifest injustice," or "allowing [it] to stand would damage the administration of justice." Aldeen, 792 F.3d at 255 (internal quotation marks and citations omitted).

The district court had sound reasons to deviate upward from the Sentencing Guidelines range. Nguyen (i) knew that Spengler had previously been convicted of killing his grandmother with a hammer, (ii) knew that Spengler had voiced an intent to kill his sister, (iii) believed Spengler to be "crazy," and (iv) lied to police about being a straw

3

man purchaser for Spengler.  Thus, Nguyen's conduct falls well outside the heartland of straw man purchase cases.  On this record, the district court's sentence of 96 months' imprisonment is "within the range of permissible decisions."  <u>Id.</u>

Accordingly, and finding no merit in Nguyen's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK