# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1831

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Randall Harken

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: December 18, 2015
Filed: March 25, 2016
[Unpublished]

_____

Before WOLLMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

A grand jury indicted appellant-defendant Mark Harken (Harken) on one-count prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1),

924(a)(2). Harken filed a motion to suppress. The district court[1] denied Harken's motion. Harken entered a conditional plea, reserving the right to appeal the suppression ruling. The district court sentenced Harken to 108-months' (9-years') imprisonment. Harken appeals, arguing: (1) improper denial of the motion to suppress; (2) ineffective assistance of counsel; and (3) imposition of an unreasonable sentence. We affirm.

## I. BACKGROUND

On April 11, 2014, Harken's cousin informed police he saw Harken with a firearm. Several hours later, Officer Cody Vry (Officer Vry) observed Harken's truck. Officer Vry saw the truck had a dusty license plate, malfunctioning license plate light, and ball hitch that partially blocked the license plate. Officer Vry initiated a traffic stop and Harken exited the vehicle to inspect the license plate. Officer Vry proceeded to ask Harken if he could search the truck for firearms. Harken lost his temper and, after being told by Officer Vry that he was going to be detained, Harken started to get into the truck. A physical confrontation occurred, ending when Officer Vry sprayed Harken with a defensive spray. Officer Vry then noticed Harken had a firearm and Officer Vry told Harken to drop the firearm. Harken instead pointed the firearm at Officer Vry, got into the truck, and drove away. A chase ensued and police eventually arrested Harken.

After Harken's arrest, police found numerous firearms and rounds of ammunition in Harken's possession. Two of the firearms belonged to Harken's uncle and were stored at Harken's grandfather's home. Neither man gave Harken permission to use or possess the firearms.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Harken was indicted on one-count prohibited person in possession of a firearm. Harken filed a motion to suppress all evidence derived from the traffic stop. The district court denied Harken's motion. Harken entered a conditional plea of guilty, reserving the right to appeal the suppression ruling. A probation officer calculated Harken's advisory Guideline range at 87 to 108 months' (7¼ to 9 years') imprisonment. The district court sentenced Harken to 108-months' (9-years') imprisonment. Harken appeals.

## II.  DISCUSSION

### A.  Motion to Suppress

Harken first argues the district court erred in failing to suppress all evidence derived from the traffic stop. Specifically, Harken asserts Officer Vry "unlawfully extended" the traffic stop in violation of Harken's Fourth Amendment rights. The government contends Harken waived or forfeited this argument by failing to raise it in district court. We agree.

The new version of Fed. R. Crim. P. 12(b)(3)(c) provides:

> The following defenses, objections, and requests <u>must be raised</u> by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits . . . <u>suppression of evidence</u>.

(Emphasis added). The provision "applies not only to the failure to make a pretrial motion, but also to the failure to include a particular argument in the motion." <u>United States v. Green</u>, 691 F.3d 960, 965 (8th Cir. 2012) (quoting <u>United States v. Spotted Elk</u>, 548 F.3d 641, 656 (8th Cir. 2008)). But "a court may consider [a] defense, objection, or request [that was not timely raised under Rule 12(b)(3)] if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

-3-

We conclude there was no good cause for Harken's failure to raise the "unlawful extension" argument in the pretrial motion to suppress. All of the facts underlying the "unlawful extension" argument were known at the time Harken filed the motion to suppress,[2] and, thus, Rule 12 directs that we need not consider the merits of Harken's argument. See, e.g., United States v. Anderson, 783 F.3d 727, 740-41 (8th Cir. 2015) (finding "no good cause for [the defendants'] failures to raise their double-jeopardy argument before trial").

## B.    Ineffective Assistance of Counsel

Harken next argues on direct appeal that Harken's trial counsel was ineffective. We consider claims of ineffective assistance of counsel " 'on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent.' " United States v. Schwarte, 645 F.3d 1022, 1034 (8th Cir. 2011) (quoting United States v. Ramirez-

---

[2]Harken attempts to show "good cause" by arguing the Supreme Court's recent decision in Rodriguez v. United States, – U.S. –, 135 S. Ct. 1609, 191 L. Ed. 2d 492 (2015), is dispositive of Harken's case and did not exist at the time Harken filed his pretrial motion to suppress. But "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." United States v. Rodriguez, 799 F.3d 1222, 1223 (8th Cir. 2015) (quoting Davis v. United States, 564 U.S. 229, 131 S. Ct. 2419, 2423-24, 180 L. Ed. 2d 285 (2011)). Thus, even if Harken's argument has merit—an issue we do not decide—Rodriguez does not entitle Harken to the remedy of excluding evidence derived from the traffic stop because Officer Vry extended the traffic stop in reasonable reliance on prior binding precedent. See id. at 1223-24 (listing pre-Rodriguez cases holding short extensions of a traffic stop were "de minimis intrusion[s]" and did not violate the Fourth Amendment).

Hernandez, 449 F.3d 824, 827 (8th Cir. 2006)). As a general rule, ineffective assistance of counsel claims "are best left for a 28 U.S.C. § 2255 proceeding." United States v. Thompson, 690 F.3d 977, 993 (8th Cir. 2012).

Here, Harken's ineffective assistance of counsel claims hinge on whether Harken's trial counsel had strategic reasons for failing to raise the "unlawful extension" claim and failing to object to sentencing enhancements. Harken failed to argue ineffective assistance of counsel in any of his post-trial motions. Thus, Harken brings the claim without a fully developed record. Accordingly, we decline to consider Harken's ineffective assistance of counsel claims at this time.

## C.    Sentence

Finally, Harken argues the district court imposed an unreasonable sentence. "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply 'a deferential abuse-of-discretion standard.' " United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting United States v. Hayes, 518 F.3d 989, 995 (8th Cir. 2008)). An abuse of discretion occurs when a court:  (1) "fails to consider a relevant factor that should have received significant weight;" (2) "gives significant weight to an improper or irrelevant factor;" or (3) "considers only the appropriate factors but in weighing them commits a clear error of judgment." United States v. Williams, 624 F.3d 889, 896-97 (8th Cir. 2010). The relevant sentencing factors are set forth in 18 U.S.C. § 3553(a).  "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

Harken argues the district erred by enhancing Harken's sentence for possession of stolen firearms pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(A).[3] Harken asserts the firearms were not "stolen" because it was common family practice to allow family members to take and use firearms without permission.

Section 2K2.1(b)(4)(A) provides that an individual's sentence should be increased by two levels "[i]f any firearm . . . was <u>stolen</u>." (Emphasis added). The term "stolen" in section 2K2.1(b)(4)(A) "includes all felonious or wrongful takings with the intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common law larceny." <u>United States v. Pazour</u>, 609 F.3d 950, 952 (8th Cir. 2010) (per curiam) (quoting <u>United States v. Bates</u>, 584 F.3d 1105, 1109 (8th Cir. 2009)). We have affirmed application of the section 2K2.1(b)(4)(A) enhancement where a defendant removed the firearms from his parents' home without permission. <u>See</u> <u>United States v. Kenney</u>, 283 F.3d 934, 935 (8th Cir. 2002).

Here, two firearms found in Harken's possession were owned by Harken's uncle and stored at Harken's grandfather's home. Neither individual gave Harken permission to have the firearms. Based on these facts, we conclude the district court did not err in its application of section 2K2.1(b)(4)(A).

Harken further asserts Harken's sentence is substantively unreasonable because the district court did not give enough weight to Harken's mental health. Harken made this argument at the sentencing hearing. After the argument, the district court

---

[3]Although framed as a substantive reasonableness argument, Harken makes a procedural challenge to the district court's application of a Guideline enhancement under section 2K2.1(b)(4)(A). Thus, "[w]e review this procedural challenge for plain error because [Harken] did not raise the challenge in the district court." <u>United States v. Franklin</u>, 695 F.3d 753, 757 (8th Cir. 2012).

specifically addressed Harken's mental health when imposing the sentence. <u>See United States v. Godsey</u>, 690 F.3d 906, 912 (8th Cir. 2012) (concluding the district court did not abuse its discretion after carefully considering each purported ground for downward variance). Thus, we reject Harken's challenge to the sentence.

## III. CONCLUSION

For the foregoing reasons, we affirm.

_____