# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4378

_____

Jerry D. Franklin

*Petitioner - Appellee*

v.

Josh Hawley

*Respondent - Appellant*

T. C. Outlaw

*Respondent*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 20, 2017
Filed: January 5, 2018

_____

Before LOKEN, ARNOLD, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Jerry Franklin sought habeas relief on the basis that his attorney in the underlying state-court proceeding failed to fulfill Franklin's explicit instruction to appeal his conviction and sentence. The district court granted the petition, finding

that Franklin's procedural default of that claim was excused under <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012). We disagree because <u>Martinez</u> expressly does not excuse a procedural default that occurs in the appeal of a collateral state court proceeding. We therefore reverse.

## I. Background

In 2009, Franklin intentionally drove his vehicle into a marked police car while he was fleeing the police. Two officers were injured, and methamphetamine was found in Franklin's vehicle. As a result, Franklin faced charges in both state and federal court: the state court case included two charges of assault on a law enforcement officer, and the federal case charged Franklin with possession of methamphetamine with intent to distribute. Franklin pled guilty to all charges. The district court sentenced Franklin to 216 months imprisonment on the federal count, and we affirmed. <u>See</u> <u>United States v. Franklin</u>, 695 F.3d 753, 755 (8th Cir. 2012). The state court sentenced Franklin to a 216-month term on each charge, to run concurrently with one another and with the federal sentence. At present, Franklin is incarcerated at a federal facility outside of Missouri.

Franklin filed this habeas petition under 28 U.S.C. § 2254, alleging that he was denied effective assistance of counsel because his attorneys did not appeal the state-court sentence after Franklin had explicitly directed them to do so. The district court noted that Franklin had not yet exhausted his available state remedies, so it stayed the case to allow Franklin to seek relief in the Missouri courts.

Franklin then filed a pro se motion in a Missouri circuit court under Missouri Rule 29.07, asserting his ineffective assistance claim.[1] The circuit court summarily

---

[1]Rule 29.07(d) provides a mechanism by which a court may permit a defendant to withdraw a guilty plea "to correct manifest injustice." Mo. Sup. Ct. R. 29.07(d).

denied his motion on November 8, 2013. More than a year later, on January 21, 2015, Franklin filed a pro se motion for late notice of appeal with the Missouri Court of Appeals. Although that court originally granted his motion, it then issued another order stating that the motion may have been improvidently granted and ordering Franklin to show cause why the appeal should not be dismissed. Franklin responded, but the court of appeals ultimately dismissed the appeal as untimely under Missouri Supreme Court Rule 30.03.[2] Shortly thereafter, Franklin filed a pro se application for transfer to the Missouri Supreme Court, which was denied. Satisfied that the above steps exhausted Franklin's state court remedies, the district court then resumed consideration of his habeas petition.

The district court first concluded that Franklin's claim is procedurally defaulted because the state appellate court dismissed the appeal of the circuit court's denial of

---

At the time of these events, Missouri Supreme Court Rule 24.035 was the "exclusive procedure" for litigating ineffective assistance claims after conviction. That rule, however, required the petitioner to be "delivered to the custody of the [Missouri] department of corrections." Mo. Sup. Ct. R. 24.035 (2013); see Brown v. State, 66 S.W.3d 721, 730 n.5 (Mo. 2002) (noting that "claims that are brought prior to conviction, sentencing and remand to the DOC do not come within the claims enumerated in Rule 24.035 and so need not be raised in a Rule 24.035 motion or by habeas corpus in order to be preserved"). Thus, because Franklin had never been in the custody of the Missouri department of corrections, Rule 29.07(d) seemed to be his only option for raising this claim. See Brown, 66 S.W.3d at 730 n.5 (indicating that "a motion under the second clause of Rule 29.07(d) to set aside a conviction and withdraw a guilty plea after sentence but before remand to the DOC" would be the proper course of action to raise claims enumerated in Rule 24.035).

[2]Missouri law requires a party to appeal a judgment "within ten days after the judgment becomes final." Mo. Sup. Ct. R. 30.03. However, where this does not occur, "the defendant or the state may file a notice of appeal in the trial court if, within twelve months after the judgment becomes final, a motion for leave to file such notice is filed in the appropriate appellate court and it thereafter sustains the motion and grants such leave." Id.

the claim as untimely under a Missouri procedural rule. As a result, the district court found it could reach the claim on the merits only if Franklin showed both cause and prejudice or actual innocence. Proceeding under Martinez, the court noted that a prisoner may establish cause for default where the state court did not appoint counsel in an initial review collateral proceeding that was the prisoner's first opportunity to litigate the ineffective assistance claim.[3] After finding that Missouri law does not allow ineffective assistance claims on direct appeal, the court ruled that Franklin showed cause for the procedural default because he was pro se during the state court Rule 29.07 proceedings.

The court next observed that the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), applied because Franklin's claim was denied on the merits by the state circuit court. See Harrington v. Richter, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). Thus, to succeed on his ineffective assistance claim under AEDPA, Franklin needed to meet a "doubly" deferential standard: judicial review of counsel's performance is "highly deferential," Strickland v. Washington, 466 U.S. 668, 689 (1984), and "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult," Richter, 562 U.S. at 105. Thus, the relevant question before the district court was "whether there is any reasonable argument that [his defense] counsel satisfied Strickland's deferential standard." Id.

---

[3]As described later in this opinion, an "initial-review collateral proceeding" is the term given to the habeas-like action in those states that do not permit a prisoner to raise an ineffective assistance claim on direct appeal. E.g., Martinez, 566 U.S. at 8.

The district court then focused its analysis on Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000), in which the Supreme Court stated "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." In such a circumstance, prejudice may be proved by a showing that the attorney's error caused the petitioner to forego his right to an appeal. Id. at 484. Given this Supreme Court precedent, the district court hypothesized that the only possible way the state circuit court's denial of Franklin's motion could conform with Flores-Ortega is if the state court concluded, as a factual matter, that Franklin did not actually instruct his attorneys to file an appeal of his conviction and sentence. The court concluded that Franklin showed the requisite level of prejudice because he supported his state court motion with evidence that he did, in fact, instruct his attorneys to appeal.

Accordingly, the district court conditionally granted Franklin's petition "for the limited purpose of allowing the circuit court to impose the same sentence Franklin received on June 29, 2010, so that he may file an appeal." The State of Missouri appeals.

## II. Analysis

"On appeal from a district court's grant of a habeas petition, we review the district court's findings of fact for clear error, and its conclusions of law de novo." Escobedo v. Lund, 760 F.3d 863, 868 (8th Cir. 2014). Although the state raises a number of arguments on appeal, we focus only on one: whether Martinez applies to excuse Franklin's procedural default. We find that it does not, and therefore reverse.

## A. Procedural Default

Under the doctrine of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear

-5-

because the prisoner failed to abide by a state procedural rule." Martinez, 566 U.S. at 9. A procedural default occurs when a prisoner violates a state procedural rule and this violation serves as an independent and adequate state-law basis to uphold the state courts' dismissal of a claim, thereby precluding consideration of federal claims on direct appeal. See Murphy v. King, 652 F.3d 845, 849 (8th Cir. 2011). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . . ." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Initially, we agree with the district court's conclusion that Franklin's claim is procedurally defaulted. In his motion under Missouri Rule 29.07,[4] which he filed with the state court on October 16, 2013, Franklin clearly stated that he sought relief for "[d]enial of effective assistance of counsel for [counsel's] failure to file a notice of direct appeal." Franklin then detailed the factual underpinnings of this allegation. The claim was therefore "fairly present[ed]" to the Missouri circuit court. See Murphy, 652 F.3d at 849 ("In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." (internal quotation marks omitted)). Had Franklin timely appealed after the state circuit court denied his motion on November 8, 2013, procedural default likely would not be an impediment to Franklin seeking habeas relief on that claim.

---

[4]The parties contest whether Rule 29.07 was a proper avenue for the relief Franklin sought. Missouri law is unsettled on this issue and, for that reason, we assume for the purposes of this opinion that it was an appropriate means for Franklin to raise his claim.

Instead, Franklin waited to appeal this ruling until January 21, 2015, when he filed a motion for late notice of appeal with the Missouri Court of Appeals. On March 24, 2015, the state court of appeals denied his motion, citing a Missouri court rule that sets a twelve-month time limit from the date an appealable judgment becomes final for a party to seek to file a motion for late notice of appeal. See Mo. Sup. Ct. R. 30.03. Ultimately, the court of appeals noted that it had "no choice" but to deny the motion because "there is no provision in rule 30.03 that allows this Court to disregard the twelve-month limitation on granting a motion for late notice of appeal." Franklin's violation of Rule 30.03—a state procedural rule—is therefore an independent and adequate state ground to support the state court's decision, and the claim is procedurally defaulted. See Murphy, 652 F.3d at 849. Accordingly, habeas relief is unavailable unless Franklin can show cause and prejudice. See Coleman, 501 U.S. at 750.

## B. Martinez

To establish cause, Franklin relies on Martinez, in which the Supreme Court announced a "limited qualification," 566 U.S. at 15, to its earlier holding that "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause,'" Maples v. Thomas, 565 U.S. 266, 280 (2012) (quoting Coleman, 501 U.S. at 753). Many states—such as Missouri—prevent individuals from pursuing claims of ineffective assistance of trial counsel on direct appeal. See, e.g., State v. Wheat, 775 S.W.2d 155, 157-58 (Mo. 1989), overruled on other grounds by Joy v. Morrison, 254 S.W.3d 885 (Mo. 2008). In these states, prisoners must file a new action—which Martinez called an "initial-review collateral proceeding," 566 U.S. at 13—if they wish to challenge the effectiveness of their trial counsel. Recognizing that "[w]here . . . the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial," the Court noted that "the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." Id. at 11.

Because "[t]here is no constitutional right to an attorney in state post-conviction proceedings," Coleman, 501 U.S. at 752, the Martinez Court announced the following:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17. In other words, "counsel's ineffectiveness [or the absence of counsel] in an initial-review collateral proceeding qualifies as cause for a procedural default." Id. at 13. The Court reasoned that "[w]hen an attorney errs [or there is no attorney] in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim." Id. at 10. Further:

> As Coleman recognized, an attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the State to pursue the direct appeal is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims. . . . The same would be true if the State did not appoint an attorney to assist the prisoner in the initial-review collateral proceeding. The prisoner, unlearned in the law, may not comply with the State's procedural rules or may misapprehend the substantive details of federal constitutional law. While confined to prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record.

Id. at 11-12. The primary concern evident from this analysis is the prisoner's potential inability—caused by ineffective counsel or a complete lack of counsel

-8-

altogether—to present the merits of his ineffective assistance claim to some court with the authority to decide the matter.

The Court was quick to limit its holding, however, noting that "[t]he rule of Coleman governs in all but the limited circumstances recognized here." Id. at 16. Indeed, the Court expressly stated that "[t]he holding in this case does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*." Id. (emphasis added). The Court emphasized that "[w]hile counsel's errors in these proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, [such as] . . . the trial court in an initial-review collateral proceeding." Id. at 11. Thus, it is clear that the Martinez exception applies only if the procedural default occurs during the *initial-review* of the ineffective assistance claim. Id. at 16

Martinez is therefore inapposite to the present case for two reasons. First, Franklin's procedural default occurred when he failed to appeal the state circuit court's denial of his Rule 29.07 motion within ten days or to file a motion for late notice of appeal within twelve months, as required by Missouri law. The default therefore occurred during the appeal from the initial-review proceeding rather than during the proceeding itself. Cf. Arnold v. Dormire, 675 F.3d 1082, 1087 (2012) ("Martinez offers no support . . . for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause."); see also Norris v. Brooks, 794 F.3d 401, 405 (3d Cir. 2015), cert. denied, 136 S. Ct. 1227 (2016) ("Because [defendant's] claim of ineffective assistance of trial counsel was presented on initial collateral review and only waived on collateral appeal, we hold that Martinez does not justify relief . . . ."). Second, Franklin does not complain about his ability to present his claim to the state circuit court; he argues only that his inability to timely appeal that court's decision constitutes cause because he was not represented by an attorney. But Franklin "has already had his day in court; deprivation of a second day does not constitute cause." Arnold, 675 F.3d at 1087.

As a result, "Coleman governs." Martinez, 566 U.S. at 16. And this is for good reason as Coleman is factually analogous to the situation currently before our court. There, "the alleged attorney error [was] inadvertence in failing to file a timely notice" of appeal, and the state habeas court had already addressed the merits of the underlying claim. Coleman, 501 U.S. at 754. Coleman expressly applied the "the cause and prejudice standard . . . to a failure to appeal," id. at 750, and held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error,'" id. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). In order to arrive at the conclusion that attorney error is not cause due to the attorney's status as the prisoner's agent, a necessary premise is that the prisoner's own failure to act cannot constitute cause. See id. ("[C]ause under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him . . . ." (internal quotation marks omitted)). No decision since then has changed this analysis.

Franklin relies solely on Martinez to excuse his procedural default, and nothing in the record "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750. In the absence of such a showing, "federal habeas review . . . is barred." Id.

### III. Conclusion

For the reasons above, we reverse the district court's grant of habeas relief to Franklin.

_____

-10-