# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2332

_____

United States of America

*Plaintiff - Appellee*

v.

Manuel Fujarte

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: June 26, 2019
Filed: July 1, 2019
[Unpublished]

_____

Before ERICKSON, BOWMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Manuel Fujarte directly appeals the sentence the district court imposed after he pleaded guilty to a drug offense. Before sentencing, Fujarte requested a downward departure under U.S.S.G. § 5K2.23 based on time he spent in custody serving two state sentences. At sentencing, the district court stated that it would grant Fujarte "credit" for the time. The court's comments, as well as the judgment, indicated that

the Bureau of Prisons (BOP) was ordered to provide the credit, pursuant to section § 5K2.23. Fujarte did not object. In this court, he argues that the district court erred in ordering the BOP to grant him credit for the time rather than adjusting the length of his federal sentence.

Because Fujarte did not raise this challenge below, we review for plain error. See United States v. Franklin, 695 F.3d 753, 757 (8th Cir. 2012). Section 5K2.23 provides that a departure may be appropriate if the defendant has completed a prison term for another offense that is relevant conduct to the instant offense of conviction, referencing U.S.S.G. § 5G1.3(b). See U.S.S.G. §§ 5K2.23, 5G1.3(b)(1) (providing that under certain circumstances district court shall adjust federal sentence to account for time served on undischarged prison term). We agree with Fujarte that in granting relief under section 5K2.23, a district court must adjust the length of the defendant's sentence rather than order the BOP to grant credit for time served. See In re U.S. Bureau of Prisons, 918 F.3d 431, 439 (5th Cir. 2019) (if sentencing court determines BOP will not credit defendant's prior time served, court can reduce defendant's sentence under § 5G1.3(b) or § 5K2.23, but court cannot simply order BOP to award credit); cf. United States v. Woods, 717 F.3d 654, 658 (8th Cir. 2013) (stating that because BOP is responsible for computing sentencing credit, § 5G1.3(b) does not authorize a district court to grant credit for time served; instead, under specific circumstances, court is instructed to "adjust" defendant's sentence to account for undischarged prison terms). Because the district court intended to account for Fujarte's time served but failed to adjust his sentence, the court plainly erred. We further conclude that the error was prejudicial, as the government indicates in its brief that the BOP will be unable to grant the credit that the district court intended for Fujarte to receive. See Franklin, 695 F.3d at 757 (discussing showing of prejudice required when defendant seeks plain-error review in sentencing context). Accordingly, we remand for resentencing.

_____